1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

ANTON ANDREYEVICH IAGOUNOV,

9

Petitioner,

10

v.

11

U.S. MARSHALS SERVICE, et al.,

12

Respondents.

Case No. 1:25-cv-00824-EPG-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE

13

14    Petitioner Anton Andreyevich Iagounov is proceeding *pro se* with a petition for writ of

15  habeas corpus pursuant to 28 U.S.C. § 2241. As this Court does not have jurisdiction to entertain

16  the instant § 2241 petition, the undersigned recommends that the petition be dismissed.

17                                              **I.**

18                                      **BACKGROUND**

19    On April 11, 2025, Petitioner filed a petition for writ of habeas corpus pursuant to 28

20  U.S.C. § 2241 in the United States District Court for the District of Columbia. (ECF No. 1.) On

21  July 9, 2025, the case was transferred to this Court. (ECF No. 6.)

22    Petitioner challenges his criminal judgment in Case No. 2:24-cr-00101-DJC on the

23  following grounds: (1) extraordinary rendition; (2) cruel and unusual punishment; (3) frivolous

24  indictment; (4) due process violation for infinite detention; (5) inadmissible evidence; (6) tainted

25  jury; (7) probable cause; (8) right to self-representation; (9) involuntary servitude; (10)

26  whistleblower retaliation; (11) sentencing; (12) denial of medical care and religious services;

27  (13) FBI had no jurisdiction; and (14) collusion of U.S. magistrates. (ECF No. 1 at 6–19.[1]) In his

28

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1   prayer for relief, Petitioner requests the Court: (1) to hold an extradition hearing; (2) to

2   criminally investigate prosecutors' misconduct; (3) to criminally investigate the United States

3   Attorney's Office for the Eastern District of California and other federal agencies; (4) for

4   monetary compensation; (5) for immediate release; (6) to investigate conflicts of interest

5   between the jurors, prosecution, and court-appointed defense counsel; and (7) to investigate U.S.

6   magistrate judges. (ECF No. 1 at 7.)

7                                          **II.**

8                                    **DISCUSSION**

9          Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a

10  habeas petition and allows a district court to dismiss a petition before the respondent is ordered

11  to file a response, if it "plainly appears from the petition and any attached exhibits that the

12  petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

13  Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

14         **A.  Jurisdiction Under 28 U.S.C. § 2241**

15         A federal prisoner who wishes to challenge the validity or constitutionality of his federal

16  conviction or sentence must do so by moving the court that imposed the sentence to vacate, set

17  aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042,

18  1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive

19  means by which a federal prisoner may test the legality of his detention, and that restrictions on

20  the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C.

21  § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

22         Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal

23  prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255

24  to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047

25  (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d

26

27  _____

[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28
28  U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28
U.S.C. foll. § 2254.

952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"Before proceeding to the merits of a § 2241 petition ostensibly brought pursuant to the 'escape hatch' of § 2255, a district court must resolve the threshold question whether a petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion." Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) (citing Hernandez, 204 F.3d at 865. A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).

With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted).

With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. To determine whether Petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61).

The Court finds that Petitioner has failed to satisfy the requirements to proceed pursuant to the savings clause. Petitioner does not establish that he has not had an unobstructed procedural

1  shot at presenting his claims. Here, Petitioner has not exhausted his direct appeal nor previously

2  filed a § 2255 motion. See United States v. Iagounov, No. 25-1052 (9th Cir. filed Feb. 20, 2025);

3  Docket, United States v. Iagounov, No. 2:24-cr-00101-DJC (E.D. Cal.).[3] Therefore, Petitioner

4  cannot show that the "legal basis" for Petitioner's claims raised in the instant petition "did not

5  arise until after Petitioner exhausted his direct appeal and first § 2255 motion," and there is no

6  indication that "the law changed 'in any way relevant' to petitioner's claim after that first § 2255

7  motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61).

8  ### B. Recharacterization of § 2241 Petition as § 2255 Motion

9         As this Court is both the custodial and sentencing court, the Court may construe the

10  instant petition as a § 2255 motion and resolve the motion. See Muth, 676 F.3d at 818 n.2.

11  However, courts recognize that "by recharacterizing as a first § 2255 motion a *pro se* litigant's

12  filing that did not previously bear that label, the court may make it significantly more difficult

13  for that litigant to file another such motion." Castro v. United States, 540 U.S. 375, 382 (2003).

14  See United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000) (recognizing that "a district

15  court's recharacterization could have a detrimental impact on the prisoner"). Thus, the district

16  courts' "recharacterization powers are limited in the following way:"

17
18          The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. In such circumstances
the district court must notify the *pro se* litigant that it intends to
19  recharacterize the pleading, warn the litigant that this
recharacterization means that any subsequent § 2255 motion will
be subject to the restrictions on "second or successive" motions,
20  and provide the litigant an opportunity to withdraw the motion or
to amend it so that it contains all the § 2255 claims he believes he
21  has.

22  Castro, 540 U.S. at 383.

23         Here, the undersigned recommends that the Court dismiss Petitioner's § 2241 habeas

24  petition rather than recharacterize it as a motion pursuant to 28 U.S.C. § 2255. As noted above,

25
26  [3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial
system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria
Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation
27  omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may
take judicial notice of undisputed matters of public record, which may include court records available
through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006)
28  ("We may take judicial notice of court filings and other matters of public record.").

1  Petitioner's Ninth Circuit appeal is still pending, and "[t]he district court 'will not review a

2  section 2255 motion until the direct appeal is resolved.'" United States v. LaFromboise, 427 F.3d

3  680, 686 (9th Cir. 2005) (quoting United States v. Pirro, 104 F.3d 297, 298 (9th Cir. 1997)).

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __September 16, 2025__           ____/s/ Erica P. Grosjean____

UNITED STATES MAGISTRATE JUDGE