# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON ANDREYEVICH IAGOUNOV,<br><br>Petitioner,<br><br>v.<br><br>U.S. MARSHALS SERVICE, et al.,<br><br>Respondents. | No. 1:25-cv-00824 KES EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 10) |

Anton Andreyevich Iagounov is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his criminal judgment in Case No. 2:24-cr-00101-DJC. The magistrate judge performed a preliminary review of the petition and found the Court lacks jurisdiction over the petition. Doc. 10 at 2-4. The magistrate judge observed that Iagounov had not exhausted his direct appeal prior to filing his § 2241 petition. *Id.* at 4-5. The magistrate judge recommended the petition be dismissed. *Id.* at 5. Iagounov filed timely objections to the findings and recommendations. Doc. 11.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court conducted a de novo review. Having carefully reviewed the matter, including Iagounov's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. The objections do not show any legal error in magistrate judge's analysis.

Having found that Iagounov is not entitled to habeas relief, the court must determine

whether a certificate of appealability should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that Iagounov should be allowed to proceed further.

The Court **ORDERS**:

1. The findings and recommendations issued on September 16, 2025 (Doc. 10), are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **DISMISSED**.

3. The Clerk of Court is directed to close the case.

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 30, 2026

_____
UNITED STATES DISTRICT JUDGE